UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 16-159

JAMIE BOLTON,                                                                             PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits in February 2013, alleging disability beginning on January 1, 2012, due to degenerative disc disease, lumbar spinal stenosis, clinical depression, arthritis, addiction to narcotic pain medication, social anxiety, hypertension, herniated discs, neuropathy and sleep apnea (Tr. 199).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Susan Giuffre (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Paul A. Zinsmeister, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 22-36). Plaintiff was 42 years old at time of the onset of his alleged disability. He has a GED and has worked previously as a contractor/carpenter and building maintenance worker (Tr. 200).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability through his date of last insured, June 20, 2014 (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffers from spine disorders, substance addiction disorders, affective disorders and anxiety disorders, which he found to be "severe" within the meaning of the Regulations (Tr. 24-25).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 25). In doing so, the ALJ specifically considered Listings 1.04, 12.04, 12.06 and 12.09 (Tr. 25-27).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 34) but determined that he has the residual functional capacity ("RFC") to perform light work, with certain restrictions as set forth in detail in the ALJ's decision (Tr. 27).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 34-35).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

3

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) Plaintiff satisfies the requirements for Listing 1.04, (2) the ALJ improperly discounted the opinions of his treating physicians and (3) the hypothetical posed to the VE was flawed.

## C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that Plaintiff satisfies the requirements for Listing 1.04.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled."

4

*Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 1.04 requires (1) a disorder of the spine; (2) that results in the compromise of the nerve root or the spinal cord; and (3) evidence of nerve root compression characterized by (a) neuro-anatomic distribution of pain, (b) limitation of motion of the spine, © motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and (d) positive straight-leg raising test (if there is involvement of the lower back). 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 1.04A.

Absent from Plaintiff's argument in this regard is evidence of motor loss, which is clearly required. Notably, the record reveals that Plaintiff had not experienced motor loss (Tr. 25, 29, 480-481, 551 and 718). This alone is substantial evidence that Plaintiff does not meet or medically equal this particular listing. *See Eldridge v. Colvin*, No. 13-142-HRW, 2014 WL 4783000, at *4 (E.D. Ky. Sept. 24, 2014) (finding no error with ALJ's evaluation of Listing

1.04A where plaintiff could not show motor loss).

Plaintiff's second claim of error is that the ALJ improperly discounted the opinions of his treating physicians.

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. See SSR 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004). If the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

There is an additional procedural requirement associated with the treating physician rule; he ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR

96-2p, at *5.

The only treating physician of record is Brian Schack, M.D.. During the relevant time period, Dr. Schack saw Plaintiff once or twice a month, generally for pain management and prescription refills. Dr. Schack made referrals to other physicians, none of whom saw Plaintiff on an ongoing basis and can, therefore, not be considered to be "treating" as contemplated by the Regulations. *See* 20 C.F.R. § 404.1502 ("Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)."

In urging greater deference to the opinion of Dr. Schack, Plaintiff points out that Dr. Schack diagnoses a herniated disc, neuropathy, lower extremity, (Tr. 367), radiculopathy of the arm (Tr. 383) as well as degenerative disc disease. (Tr. 415). He recommended an external spinal stimulator. (Tr. 388). Dr. Schack also noted that he has a problem with prescription medication abuse. (Tr. 378). Dr. Schack further remarks "[f]unctional limitations include unable to complete manual labor." (Tr. 415) and that Plaintiff is "[d]epressed – not able to get motivated to do anything." (Tr. 406).

Plaintiff makes much of these last two remarks. However, based upon Dr. Schack's notes, these are not objective findings but, rather, based upon Plaintiff's own report of his symptoms. Moreover, there are no clinical or diagnostic findings in either regard.

Finally, Dr. Schack did not submit an opinion for review and defer to or discount. Therefore, it cannot be said that the ALJ failed to properly consider his opinion. It is clear that

7

the ALJ reviewed the medical evidence in the record, including the treatment records from Dr. Schack. The Court finds no error in the ALJ's consideration of the medical evidence.

Finally, Plaintiff contends that the hypothetical posed to the VE was flawed. This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 5th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge